## Sollinger's Estate (No. 2).

Argued April 27, 1909. Appeal, No. 154, April T., 1909, by Susie I. Wylie, from decree of O. C. Allegheny Co., May T., 1908, No. 99, dismissing exceptions to adjudication in Estate of Mary Sollinger, deceased. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Exceptions to adjudication.

Errors assigned were in dismissing exceptions to adjudication.

John S. Ferguson, with him John F. Calhoun, for appellants.

J. M. Nevin, with him J. M. Morrison, for appellee.

OPINION BY BEAVER, J., July 14, 1909:

In Sollinger's Estate, ante. p. 3, we held that the marriage of Andrew Sollinger and Mary Maxwell, December 23, 1848, although legally performed and valid as a marriage, did not legitimate their previous offspring, born out of wedlock, because of their failure to cohabit subsequently to the marriage.

Several years subsequent to the marriage, Andrew Sollinger married Louise Bean, by whom he had two children, one of whom is the present appellant. He died in 1890. His first wife, Mary Maxwell, with whom he had never cohabited, also remarried and died in 1908.

It was also shown by the evidence and found as a fact that, although Andrew Sollinger and his wife, Mary Maxwell, lived all of their lives either in Allegheny county or Westmoreland county, Pennsylvania, certificates from the records of the court of common pleas of each county being introduced for that purpose, neither of them had applied for, nor been decreed, a divorce from the bonds of their first marriage.

That being the case, as found by the adjudicating judge of the court below and affirmed by the orphans' court in banc, based upon abundant evidence, we feel bound by the conclusion reached by the court that the present appellant had not inheritable blood and, therefore, could not share in the estate of Mary Sollinger, the decedent, the sister of her father, which was in the hands of the court for distribution. The distribution made by the orphans' court, as excepted to in the fourth assignment of error, is, therefore, confirmed.

This practically disposes of the case, and the assignments of error are all overruled.

Decree affirmed and appeal dismissed at the costs of the appellant.